UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
GEORGE SCOTT,                         :
          Petitioner,                 :
                                      :
     v.                               :      CA 08-180 S
                                      :
DENIS RIORDAN, District Director      :
of Bureau of Citizenship and          :
Immigration Services; ROSETTA R.      :
MARTINI, Field Office Director        :
of Bureau of Citizenship and          :
Immigration Services; and             :
BUREAU OF CITIZENSHIP AND             :
IMMIGRATION SERVICES,                 :
          Respondents.                :
```

**ORDER
GRANTING MOTION TO STRIKE AND
DENYING MOTION TO ENLARGE**

Before the Court are two motions: (1) Respondents' Motion to Strike Petitioner's Opposition to Respondents' Motion for Summary Judgment Filed on August 15, 2008 (Document ("Doc.") #15) ("Motion to Strike"); and (2) Petitioner's Motion to Enlarge Filing Period (Doc. #16) ("Motion to Enlarge"). The Court has determined that no hearing is necessary.

**I. Motion to Strike**

The Motion to Strike seeks to strike Petitioner's Motion in Opposition to Respondent's [sic] Motion for Summary Judgment (Doc. #9) ("Petitioner's Opposition") because: 1) it was filed after the August 14, 2008, deadline for filing an objection to Respondents' Motion for Summary Judgment (Doc. #6) and Petitioner did not obtain leave from the Court to file an objection out of

time,[1] and 2) Petitioner's Opposition was unsigned.[2]  No objection to the Motion to Strike has been filed, and the grounds for the motion are well founded.  Accordingly, the Motion to Strike is GRANTED.

**II.  Motion to Enlarge**

The Motion to Enlarge, which Petitioner filed on September 17, 2008, appears to seek an enlargement of time within which to file three documents: 1) Petitioner's Corrected Motion in Opposition to Respondent's [sic] Motion for Summary Judgment ("Petitioner's Corrected Motion"); 2) Petitioner's Corrected Statement of Relevant Facts ("Petitioner's Corrected SRF"); and 3) Petitioner's Memorandum of Law in Support of His Motion in Opposition to Respondent's [sic] Motion for Summary Judgment ("Petitioner's Mem. in Opposition").[3]  Respondents object to the

---

[1] Respondents' Motion for Summary Judgment (Doc. #6) was filed on July 28, 2008.  Pursuant to D.R.I. LR Cv 7(b)(1) and Fed. R. Civ. P. 6(d) and 5(b)(2)(E), Petitioner's objection was due on August 14, 2008.

[2] Pursuant to Fed. R. Civ. P. 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

[3] Petitioner's Motion to Enlarge states that he seeks an enlargement of time to "allow him to file his corrected Motion in Opposition to Respondent's [sic] Motion for Summary Judgment."  Motion to Enlarge at 1.  However, as part of the Motion to Enlarge, Petitioner has also filed two additional documents: Petitioner's Corrected Statement of Relevant Facts ("Petitioner's Corrected SRF") and Petitioner's Memorandum of Law in Support of His Motion in Opposition to Respondent's [sic] Motion for Summary Judgment ("Petitioner's Mem. in Opposition").  See Docket (Doc. #16).  Although the Motion to Enlarge does not reference these latter documents, it appears that Petitioner is seeking leave to file them as well as

Motion to Enlarge and argue that it fails to meet the requirements of Fed. R. Civ. P. 6(b) and 7.  Rule 6(b) states in relevant part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).  Rule 7 requires that all motions must "state with particularity the grounds for seeking the order ...." Fed. R. Civ. P. 7(b).

Respondents contend that Petitioner has failed to state with particularity the basis for his motion and has also failed to "make a showing of excusable neglect as to why the Court should allow him to file his Corrected Motion, which was previously due on August 14, 2008."[4]  Respondents' Memorandum in Opposition to Petitioner's Motion to Enlarge Filing Period ("Respondents' Mem.") at 2.  The Court is compelled to agree.

In support of the Motion to Enlarge, Petitioner states:

> that his counsel (representing under pro hac vice appearance) recently moved to another office location. As such, some mails sent to his offices have been taken to the wrong suite number within his new office building. This is especially a problem because counsel does not receive notices by electronic mail.  Attempt to have counsel receive notices and other service by electronic

---

Petitioner's Corrected Motion.  The Court draws this conclusion from the fact that Petitioner filed all four documents as a single electronic document.  See id.

[4] Respondents also note that Petitioner has not explicitly requested leave to file Petitioner's Corrected SRF and Petitioner's Mem. in Opposition.

> mail from the Court has not been successful. In addition, Respondent has not been serving pro hac vice counsel appropriately through other non-electronic mail. The CM/ECF system indicates that pro hac vice counsel will receive notices and service by other means. These circumstances have delayed reasonable receipt of notice and service concerning required filings by Petitioner.

Motion to Enlarge at 2.

Petitioner does not identify the "mail[ing]s" to which he is referring, does not state when he received them, and does not even aver that the mailings pertain to Respondents' Motion for Summary Judgment. Moreover, as Respondents point out, Petitioner's Application for Pro Hac Vice Admission (Doc. #5) reflects that his mailing address has remained the same throughout the course of this litigation.[5] Petitioner has not shown a connection between his alleged "recent[]" move and his failure to file a timely response to Respondents' Motion for Summary Judgment. Accordingly, Petitioner's vague explanation that "some mails" were allegedly taken to the wrong suite number is insufficient to show excusable neglect.

Petitioner's claim that the "[a]ttempt to have counsel receive notices and other service by electronic mail from the Court has not been successful," Motion to Enlarge at 2, is similarly lacking in explanatory information. The "[a]ttempt" is

---

[5] Petitioner's Application for Pro Hac Vice (Doc. #5) ("Application") filed on July 21, 2008, reflects an address for Attorney Lawrence Gatei of 411 Waverley Oaks Road, Bld. 3, Suite 328, Waltham, MA 02452." Application at 2. This is the same address which appears on the Motion to Enlarge and the other documents filed with the Motion to Enlarge.

4

not identified, and as Respondents accurately observe:

> If Petitioner's pro hac vice counsel, Lawrence Gatei, has not been receiving notices electronically, it is because Mr. Gatei has failed to register as a Filing User of this Court's ECF system.  Pursuant to the Administrative Procedures for Electronic Case Filing § 5(a) in this district, "pro hac vice [attorneys] ... must register as Filing Users of this Court's ECF system prior to filing any documents electronically."

Respondents' Mem. at 3 (alterations in original).

Respondents also correctly point out that Petitioner has been receiving ECF notices and filings.  See id.  The CM/ECF Notice of Electronic Filing ("NEF") reflects that Petitioner's local counsel, John P. Garan, has in fact been receiving the electronic notices and filings in this case.  Thus, Petitioner's argument that his counsel has not received notices and services by electronic mail is unpersuasive given that Mr. Gatei has not registered as a Filing User and that Mr. Garan has been receiving the electronic notices and filings for this case.

Regarding Petitioner's claim that Respondents have not been serving Mr. Gatei appropriately through non-electronic mail and that "[t]hese circumstances have delayed reasonable receipt of notice and service concerning required filings by Petitioner," Motion to Enlarge at 3, Petitioner again fails to identify the notice and filings to which he is referring and does not state when he received such notice and filings.  In addition, Respondents note that Petitioner has not previously alerted their counsel of this alleged problem.  Respondents persuasively

observe that:

> It is ... undisputed that Mr. Gatei received a copy of the Respondents' Motion for Summary Judgment[] and filed a seven-page response, entitled "Motion in Opposition to Respondent's [sic] Motion for Summary Judgment," on August 15, 2008. At that time, Petitioner made no mention that he needed additional time to respond, and neither alerted the Court nor the undersigned that he had an issue receiving the notices and filings for this case. On August 20, 2008, Petitioner filed another memorandum containing additional arguments in support of his Opposition Motion to Respondents Motion for Summary Judgment and "Petitioner's Statement of Relevant Facts." The Court subsequently refused these documents because they lacked proper electronic signatures. Again, Petitioner made no mention that he needed additional time to respond, and neither alerted the Court nor the undersigned that he had an issue receiving the notices and filings for this case.

Respondents' Mem. at 4 n.4.  Given that Petitioner filed a response to Respondents' Summary Judgment Motion on August 15, 2008, and reported no difficulty with his receipt of that motion, the Court fails to understand how the alleged failure to serve Mr. Gatei through non-electronic mail constitutes a basis for granting the Motion to Enlarge which was not filed until September 17, 2008.

In sum, Petitioner has not shown excusable neglect, and the Motion to Enlarge should be denied.  In reaching this conclusion, the Court is strongly influenced by the fact that filings in this matter have been untimely and not in conformity with the Local Rules.

Indeed, the very filings for which Petitioner now seeks leave to file out of time fail to comply with the Local Rules.

6

Instead of filing an objection accompanied by a separate memorandum of law as required by Local Rule 7(b)(1), Petitioner seeks to file a motion containing argument, see Petitioner's Corrected Motion, and a memorandum containing that same argument plus some additional argument, see Petitioner's Mem. in Opposition.  Instead of responding to Respondents' Statement of Undisputed Facts by filing a Statement of Disputed Facts and/or a Statement of Undisputed Facts in the manner prescribed by LR Cv 56(a), Petitioner seeks to file Petitioner's Corrected SRF.  The nonconformity of this document is not limited simply to its title.  Petitioner's Corrected SRF is substantively deficient because it is not "numbered correspondingly to the Statement of Undisputed Facts ...," D.R.I. LR Cv 56(a)(3), and it does not "identify the evidence establishing the dispute ...," id.  Even if the Court were to treat Petitioner's Corrected SRF as "a Statement of Undisputed Facts setting forth additional disputed facts that the objecting party contends preclude summary judgment," id. 56(a)(4), the document is still deficient because most of the enumerated paragraphs do not identify the evidence supporting the alleged undisputed fact as required by Rule 56(a)(4).

Accordingly, the Motion to Enlarge is DENIED.

### III.  Conclusion

For the reasons stated above, the Motion to Strike is

GRANTED and the Motion to Enlarge is DENIED.[6]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 16, 2008

---

[6] As the Court has granted the Motion to Strike and denied the Motion to Enlarge, Respondents' Motion for Summary Judgment is unopposed. Accordingly, the hearing scheduled for October 29, 2008, is cancelled. If the instant Order is not appealed, see D.R.I. LR Cv 72(c)(1) ("Any appeal from an order or other ruling by a magistrate judge in a nondispositive matter shall be filed and served within ten (10) days after such order or ruling is served on the appellant."), this Magistrate Judge will decide the motion for summary judgment without a hearing.